## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **YOLANDA BULLCOCK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case no.:** |
| | ) | |
| **MISSOURI DEPT. OF CORRECTIONS** | ) | |
| | ) | |
| **Serve Registered Agent:** | ) | |
| **651 Mulberry St.** | ) | |
| **St. Joseph, Missouri 64051** | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff Yolanda Bullock, for her claims against Defendant, Missouri Department of Corrections ("Defendant"), discrimination based on age and/or gender and/or disability and/or retaliation and/or hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, *et seq.* ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. Section 621, *et seq.* ("ADEA") and retaliation under the Fair Labor Standards Act, 29 U.S.C. Section 201, *et seq.* ("FLSA") states as follows:

### Parties and Jurisdiction

1. Plaintiff was employed by Defendant in St. Joseph, Missouri.

2. Defendant is a Missouri state government entity and therefore is a Missouri Citizen.

3. This Court has subject matter jurisdiction over the federal claims under federal question subject matter jurisdiction. 28 U.S.C. Sections 1331-32. In the alternative, the Court has federal question subject matter jurisdiction of the federal claims and pendent jurisdiction over the state law claims.

4. Venue is proper in this Court as the events giving rise to the cause of action asserted herein occurred in St. Joseph, Missouri.

**Statement of Facts Common to All Counts**

5.      Plaintiff resides in Savannah, Andrew County, Missouri.

6.      Plaintiff's date of birth is August 9, 1968, and she was 55 years old at the time of

constructive discharge.

7.      In or about November 2018, Plaintiff began her employment at Missouri Department of

Corrections.

8.      Plaintiff remained in that position for the entire duration of her employment.

9.      Plaintiff had been employed for three years before being constructively discharged.

10.     Around June 2021, Plaintiff was written up by Defendants supervisor David Emberry

("Emberry") for minor things within the workplace.

11.     Emberry favored men over the women by denying promotions and any job advancements.

12.     Emberry yelled at Plaintiff regarding any minor issue.

13.     Plaintiff made many complaints about Emberry to her supervisor.

14.     None of the complaints had been investigated nor were they corrected by Defendant.

15.     Plaintiff made complaints to Defendants Lieutenant Quotrocci but never received any help

towards the situation.

16.     Plaintiff had dealt with this behavior until the last day of employment.

17.     After making these complaints against Emberry the environment proceeded to get worse.

18.     Plaintiff was retaliated against due to Defendant not accommodating for her disability.

19.     Plaintiff provided medical records on behalf of her disability.

20.     Defendant was aware of the medical issues.

21.     Plaintiff informed Defendant that between September 2021 to December 2021 that

accommodation for her disability was needed at work.

22.    Plaintiff informed Troy McCarthey ("McCarthey") of her disability.

23.    McCarthey still continued to assign Plaintiff work that was not doable.

24.    Plaintiff was told that if she could not perform the assigned tasks to quit, rather than honoring her FMLA request.

25.    Plaintiff was left with no choice but to quit, and be constructively discharge.

26.    Plaintiff did not receive accommodations that male employees similarly situated would have received.

27.    Plaintiff did not receive accommodations that younger employees have received.

**COUNT I**
**GENDER AND/OR AGE AND/OR DISABILITY DISCRIMINATION IN VIOLATION**
**OF TITLE VII AND THE ADEA**

28.    Plaintiff restates and incorporates by reference all preceding paragraphs of this complaint.

29.    Plaintiff is a member of a protected class in that she is disabled female and over the age of 40 and was illegally discriminated against by the Defendant because of her gender and/or age and/or a combination thereof.

30.    Defendant had a pattern and practice of treating female employees differently and to their detriment as compared to male employees.  Defendant also had a pattern and practice of favoring young female employees over older female employees.

31.    As a direct and proximate result of Defendant's conduct, Plaintiff has, and will continue to sustain damages in the form of lost income, benefits and emotional distress.

32.    Under Title VII, Defendant's conduct was outrageous due to its evil motive and/or reckless disregard for Plaintiff's legally protected rights, entitling her to punitive damages.

33.    Under the ADEA, Defendant's discriminatory acts were willful, thereby entitling Plaintiff

to liquidated damages.

WHEREFORE, Plaintiff asks the Court for judgement in her favor, after a jury trial, providing for compensatory damages for lost pay, benefits and front pay, as well as damages for emotional distress and punitive and/or liquidated damages, interest, and attorneys' fees and such other legal and equitable relief the Court deems just.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII AND THE ADEA

34. Plaintiff restates and incorporates by reference all preceding paragraphs of this complaint.

35. Because of her complaints about, and opposition to, Defendant's illegal hiring directive to hire younger male employees, Defendant terminated Plaintiff.

36. As a direct and proximate result of Defendant's conduct, Plaintiff has, and will continue to sustain damages in the form of lost income, benefits and emotional distress.

37. Under Title VII, Defendant's conduct was outrageous due to its evil motive and/or reckless disregard for Plaintiff's legally protected rights, entitling her to punitive damages.

38. Under the ADEA, Defendant's retaliatory acts were willful, thereby entitling Plaintiff to liquidated damages.

WHEREFORE, Plaintiff asks the Court for judgement in her favor, after a jury trial, providing for compensatory damages for lost pay, benefits and front pay, as well as damages for emotional distress and punitive and/or liquidated damages, interest, and attorneys' fees and such other legal and equitable relief the Court deems just.

## COUNT III
## RETALIATION IN VIOLATION OF THE FLSA

39. Plaintiff restates and incorporates by reference all preceding paragraphs of this complaint.

40. Because of her complaints about, and opposition to, Defendant's illegal acts in violation of the FLSA, Plaintiff was constructively discharged.

41. As a direct and proximate result of Defendant's conduct, Plaintiff has, and will continue to sustain damages in the form of lost income, benefits and emotional distress.

42. Under the FLSA, Defendant's retaliatory acts were willful, thereby entitling Plaintiff to liquidated damages.

    WHEREFORE, Plaintiff asks the Court for judgement in her favor, after a jury trial, providing for compensatory damages for lost pay, benefits, as well as damages for emotional distress and liquidated damages, interest, and attorneys' fees and such other legal and equitable relief the Court deems just.

## COUNT IV

## HARASSMENT

43. Plaintiff incorporates all prior paragraphs as if fully set forth herein.

44. As described herein, Plaintiff has been subjected to harassment and a hostile work environment that is permeated with discriminatory intimidation, degradation, threats, insults, and ridicule, which has created an abusive working relationship which has unreasonably altered the conditions of Plaintiff's employment.

45. The harassment and hostile work environment was perpetuated by Plaintiff's supervisors.

46. The hostile work environment Plaintiff has been subjected to is comprised of acts that collectively constitute one unlawful employment practice.

47. The harassment and abusive work environment Plaintiff has endured was because of her age, gender, and/or disability.

48. Defendant has had knowledge of the harassment for many years.

49. Defendant has failed to take action to end the harassment Plaintiff has endured.

50. The harassment has altered the terms, conditions, and privileges of Plaintiff's employment, as described herein.

51. As a direct and proximate result of the conduct of Defendant, Plaintiff has suffered and continues to suffer great pain, shock, emotional distress, physical manifestations of emotional distress, harm to her career, embarrassment, damage to her reputation, loss of sleep, nightmares, fear, loss of self-esteem, disgrace, humiliation, loss of enjoyment of life, and other significant pain, suffering, and harm.

52. As a direct and proximate result of the Defendant's wrongful conduct, Plaintiff has sustained and will continue to sustain damages for past and future lost pay and benefits.

53. The conduct of Defendant was outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff thereby the imposition of punitive damages against Defendants is warranted to punish them and deter them and others from like conduct.

54. Plaintiff seeks injunctive and equitable relief to remedy the discrimination, harassment, and retaliation she has endured.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues and claims so triable in this action.

Respectfully submitted,

/s/ David A. Lunceford
_____
David A. Lunceford
Victoria Mary Arends
201 SE First St.
Lee's Summit, MO 64063
Telephone:  (816) 525-4701
LLF.Varends@gmail.com
LLF.Dlunceford@gmails.com
ATTORNEYS FOR PLAINTIFF